Charles L. Hinegardner (0064944)
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| COBASYS, LLC, et. al. | : | CASE NO. 1:06 CV 194 |
| | : | JUDGE WATSON |
| Plaintiffs, | : | |
| | : | |
| vs. | : | **ANSWER OF DEFENDANT, FMP** |
| | : | **RESISTANCE WELDING SUPPLY,** |
| FMP RESISTANCE WELDING | : | **INC., TO PLAINTIFFS' FIRST** |
| SUPPLY, INC. | : | **AMENDED COMPLAINT** |
| | : | |
| Defendant. | : | |

Now comes Defendant, FMP Resistance Welding Supply, Inc. ("FMP"), by and through its counsel, and for its Answer to the First Amended Complaint of Plaintiffs states as follows:

## FIRST DEFENSE

1. Plaintiffs' First Amended Complaint fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

2. Defendant FMP denies for want of knowledge the allegations contained in paragraphs 2, 3, 4, 6, 7, 8, 12, 14, 15, 18, 19, 20, 21, 43, 44, and 49 of Plaintiffs' First Amended Complaint.

3. Defendant FMP admits the allegations contained in paragraphs 5, 16, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 48, 50, 53, 54, 57, 60, 63, 64, 67, 70, and 73 of Plaintiffs' First Amended Complaint.

4. Defendant FMP denies the allegations contained in paragraphs 1, 10, 40, 41, 42, 45, 46, 51, 55, 58, 61, 65, 68, 71, and 74 of Plaintiffs' First Amended Complaint.

1

5.     Defendant FMP admits and denies the allegations incorporated by reference in paragraphs 52, 56, 59, 62, 66, 69, and 72 of Plaintiffs' First Amended Complaint.

6.     Defendant FMP denies the allegations contained in Plaintiffs' First Amended Complaint not expressly admitted herein.

7.     Defendant FMP denies that the United States District Court for the Eastern District of Michigan, Southern Division, has jurisdiction over this matter as alleged in paragraph 9 of Plaintiffs' First Amended Complaint.  Defendant admits that United States District Court for the Southern District of Ohio has proper jurisdiction.

8.     Defendant FMP denies that the United States District Court for the Eastern District of Michigan, Southern Division, is the proper venue for this matter as alleged in paragraph 11 of Plaintiffs' First Amended Complaint.  Defendant admits that United States District Court for the Southern District of Ohio is the proper venue.  Defendant denies that it is subject to personal jurisdiction in Michigan as alleged in paragraph 11 of Plaintiffs' First Amended Complaint.

9.     Defendant, FMP Resistance Welding Supply, Inc., admits that on June 18, 2002, Cobasys and FMP entered into a Confidentiality Agreement as alleged in paragraph 13 of Plaintiffs' First Amended Complaint.  Defendant denies for want of knowledge the remaining allegations contained in paragraph 13 of Plaintiffs' First Amended Complaint.

10.     Defendant, FMP Resistance Welding Supply, Inc., admits that on September 26, 2002, IMC and FMP entered into a Confidentiality Agreement as alleged in paragraph 17 of Plaintiffs' First Amended Complaint.  Defendant denies for want of knowledge the remaining allegations contained in paragraph 17 of Plaintiffs' First Amended Complaint.

11.     Defendant, FMP Resistance Welding Supply, Inc., admits that IMC requested that FMP bid as alleged in paragraph 20 of Plaintiffs' First Amended Complaint. Defendant denies for want of knowledge the remaining allegations contained in paragraph 20 of Plaintiffs' First Amended Complaint.

12.     Defendant, FMP Resistance Welding Supply, Inc., denies that the United States District Court, Eastern District of Michigan, Southern Division, has jurisdiction in this matter. Defendant admits that United States District Court, Southern District of Ohio, has jurisdiction over this matter.

## THIRD DEFENSE

13.     Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, Defendant, FMP Resistance Welding Supply, Inc., respectfully requests that the Complaint against it be dismissed, that Plaintiffs take nothing and that this Defendant be awarded its costs and fees incurred in defending this matter.

## JURY DEMAND

Defendant hereby demands a jury on all issues so triable.

Charles L. Hinegardner

3

Respectfully Submitted,


Charles L. Hinegardner, Esq. (0064944)
Barron Peck Bennie & Schlemmer
3074 Madison Road
Cincinnati, Ohio 45209
(513)721-1350
(513)721-8311 Facsimile
CLH@BPBSlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

A copy of the foregoing Counterclaim was filed electronically and served this 18th day of April, 2006 by ordinary mail on:

Ann G. Robinson, Esq.
Frost Brown Todd
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
**Attorney for Defendant Cobasys, LLC**

George T. Schooff, Esq.
Michael D. Wiggins, Esq.
Harness, Dickey & Pierce, P.L.C.
5445 Corporate Drive, Suite 400
Troy, Michigan 48098
**Attorney for Cobasys LLC f/k/a Texaco Ovonic**

G. Jack Donson, Esq.
Theresa H. Vella, Esq.
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800

Cincinnati, Ohio 45202-3957
**Attorney for Innovative Machine Corporation**

Nathan Johnson, Esq.
Leslie Morgan, Esq.
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
**Attorney for Innovative Machine Corporation**

Michael G. Marando, Esq.
Harrington, Hoppe & Mitchell, Ltd.
108 Main Street, SW
500 Sky Bank Tower
Warren, Ohio 44481
**Attorney for The Taylor-Winfield Corporation**


Charles L. Hinegardner

4